**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OUSMANE SAWADOGO, THEOPHILE OUBDA, OUSMANE DIARRA, ADBOUL ILBOUDO, FRANCK T. VINCENT, and ABDOUL RAZAK SAMBARE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZAP LUBE & CAR WASH, INC., ZAP AUTOMOTIVE CORP., UNDERWEST MANAGEMENT CORP., BLOOMFIELD CAR WASH & LUBE CORP., WASHINGTON STREET AUTO REPAIR CORP., 378-392 WASHINGTON STREET CAR WASH, INC., BROAD & EMMET CAR WASH CORP., ONE & NINE CARWASH & LUBE INC., UNION CITY CAR WASH INC., MOSHE WINER, MARTIN TAUB, AVI GOLAN, LIOR RONNER, and ALON LEVY,<br><br>Defendants. | Civil No. 20-1196(SDW)(LDW)<br><br>**OPINION**<br><br>November 13, 2020 |

**WIGENTON**, District Judge.

Before this Court is Defendants Zap Lube & Car Wash, Inc., Underwest Management Corp., 378-392 Washington Street Car Wash, Inc., Broad & Emmet Car Wash Corp., One & Nine Carwash & Lube Inc., Union City Car Wash Inc. ("Corporate Defendants"), Moshe Winer ("Winer"), Martin Taub ("Taub"), and Lior Ronner's ("Ronner") ("Individual Defendants") (collectively, "Defendants") Motion to Dismiss Counts Seven, Eight, and Nine of Ousmane

1

Sawadago, Theophile Oubda, Ousmane Diarra, Adboul Ilboudo, Franck T. Vincent, and Abdoul Razak Sambare's ("Plaintiffs") First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(2) and 12(b)(6).  Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1337.  Venue is proper pursuant to 28 U.S.C. § 1391(b).  This opinion is issued without oral argument pursuant to Rule 78.  For the reasons stated herein, the Motion is **DISMISSED AS MOOT IN PART AND DENIED IN PART.**

I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs are current and former employees of a network of car washes located in New Jersey and New York.  (FAC ¶¶ 6-7.)  Plaintiffs Sawadogo, Oubda, Diarra, and Ilboudo are residents of New Jersey who worked at New Jersey car wash locations.  (FAC ¶ 6.)  Plaintiffs Vincent and Sambare are residents of New York who worked at New York car wash locations. (FAC ¶ 7.)

On February 4, 2020, Plaintiffs filed the original nine-count complaint, which contained claims regarding violations of federal and state labor laws.  (D.E. 1.)  Plaintiffs filed the FAC on June 8, 2020.  (D.E. 25.)  The Corporate Defendants named in the original complaint were New York and New Jersey entities.  (*See, e.g.*, D.E. 1.)  The FAC retained claims against the Individual Defendants and the New Jersey Corporate Defendants, but no longer raises claims against the New York corporations.  (*See* FAC.)

In the FAC, Plaintiffs allege that the Individual Defendants owned and operated the Corporate Defendants, as well as other car wash locations, oil change centers, convenience stores, and gas stations throughout New Jersey and New York.  (FAC ¶¶ 2, 8, 20-24.)  Taub and Winer

allegedly owned and operated car wash locations in both states. (FAC Parties ¶ 8.)[1] Ronner allegedly employed Plaintiffs. (FAC ¶¶ 6, 8.)[2] The FAC avers various labor and wage violations across the network of businesses, including: Fair Labor Standards Act ("FLSA") claims for unpaid minimum wages, unpaid overtime, and unlawfully retained tips (against all Defendants); New Jersey Wage and Hour Law ("NJWHL") claims for unpaid minimum wage, unpaid overtime, and unlawfully retained gratuities (against all Defendants); and New York Labor Law ("NYLL") claims for unpaid minimum wage, unpaid overtime wage, and wage theft prevention act violations (against Taub, Winer, and Golan). (*See* FAC.)

On July 22, 2020, the Corporate Defendants and Winer, Taub, and Ronner filed this motion to dismiss Counts Seven, Eight, and Nine of the FAC. (D.E. 29-1.) The motion contests this Court's jurisdiction to hear the NYLL claims as to Defendants Winer and Taub, and avers that the NYLL claims fail to state a claim upon which relief can be granted. (*See* D.E. 29-1.)

On August 25, 2020, Plaintiffs responded to Defendants' motion. (D.E. 34.) Defendants timely filed their reply on September 17, 2020. (D.E. 38.) In that reply, Defendants Taub and Winer appear to waive their jurisdictional arguments, but do not explicitly withdraw their motion to dismiss pursuant to Rule 12(b)(2). (D.E. 38 at 1 n.1)

---

[1] Counts Seven, Eight, and Nine, which are challenged in this motion to dismiss, name Defendants Taub, Winer, and Golan. (FAC ¶¶ 269-294.) The moving Defendants, who include Taub and Winer, repeatedly raise personal jurisdiction arguments on Golan's behalf. (*See, e.g.*, D.E. 29-1 at 3-4.) However, because Golan has not answered the Complaint and is not represented by Defendants' counsel (D.E. 29-1 at 1 n.1; D.E. 38 at 1 n.1.), this Court will not address Defendants' arguments to the extent they are raised for Golan. (D.E. 34 at 9-10); *see Butler Capital Corp. v. Call Command, LLC*, Civ. No 9-0083, 2010 WL 11693234, at *1 (D.N.J. Mar. 12, 2010) (discussing Rule 12(b)(5) and Rule 4(m), but noting "[t]he Moving Defendants do not have standing to move to dismiss on behalf of [a non-moving Defendant…]").

[2] The FAC also names Defendants Alon Levy and Avi Golan, who do not join in this motion and who are not represented by Defendants' counsel. (FAC ¶¶ 23-24) Although Ronner is represented by Defendants' counsel, he is not named in Counts Seven, Eight, and Nine. (*See* FAC; D.E. 29-1 at 1 n.2.)

## II.     LEGAL STANDARD

### a. Motion for Lack of Personal Jurisdiction

Federal Rule of Civil Procedure ("Rule") 4(e) "authorizes personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." *Pennzoil Prod. Co. v. Colelli & Assoc., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998). A federal court in New Jersey exercises jurisdiction to the extent permitted by New Jersey law. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). New Jersey's long-arm statute provides for the exercise of jurisdiction over non-residents "to the uttermost limits permitted by the United States Constitution." *Charles Gendler & Co., Inc. v. Telecom Equip. Corp.*, 102 N.J. 460, 469 (1986) (quoting *Avdel Corp. v. Mecure*, 58 N.J. 264, 268 (1971)); N.J. Ct. R. 4:4–4.

Specific jurisdiction is established through a minimum contacts analysis. *See Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945); *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). In the Third Circuit, proving specific jurisdiction requires establishing the following three requirements: (1) "the defendant must have purposefully directed [its] activities at the forum"; (2) "the litigation must arise out of or relate to at least one of those activities"; and (3) if the first two requirements are met, the exercise of jurisdiction must "otherwise comport[ ] with fair play and substantial justice." *O'Connor*, 496 F.3d at 317; *Burger King Corp.*, 471 U.S. at 476 (internal citation omitted). "A single contact that creates a substantial connection with the forum can be sufficient to support the exercise of personal jurisdiction over a defendant." *Miller Yacht Sales*, 384 F.3d at 96 (citing *Burger King Corp.*, 471 U.S. at 475).

When a defendant challenges a court's exercise of personal jurisdiction, "the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992). These facts

must demonstrate that the defendant purposefully availed itself "of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (quoting *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal.*, 480 U.S. 102, 109 (1987)). However, "when the court does not hold an evidentiary hearing on the motion," "the plaintiff need only establish a prima facie case of personal jurisdiction" and "is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Chernus v. Logitech, Inc.*, Civ. No. 17-673, 2018 WL 1981481, at *3 (D.N.J. Apr. 27, 2018) (citing *Miller Yacht Sales*, 384 F.3d at 97); *Cartaret Sav. Bank*, 954 F.2d at 142 n. 1.

    **b. Motion to Dismiss**

In considering a motion to dismiss under Rule 12(b)(6), this Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has explained, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 556–57, 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556–57, 570).

Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

As a general rule, a district court deciding a motion to dismiss may consider only the contents of the pleadings. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, a notable exception to that general rule is that "'[d]ocuments that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim." *Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 253 n.3 (3d Cir. 2010) (alterations in original) (quoting *Pryor*, 288 F.3d at 560).

Furthermore, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. The Third Circuit has explained that "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failure to show "that the pleader is entitled to relief." *Id*. (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Discussion

#### a. Personal Jurisdiction

Defendants' motion argues that this Court lacks general and specific jurisdiction over Taub and Winer, but Taub and Winer now "[i]n the interest of efficiency" have "waive[d] their objections to this Court's personal jurisdiction." (D.E. 38 at 1 n.1; *see also* D.E. 34 at 14 (setting out Plaintiffs' argument that it would be inefficient for this Court to hear the FLSA and NJWHL

claims while dismissing the largely overlapping NYLL claims).) As a result, this Court will dismiss as moot Defendants' Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.[3]

### b. 12(b)(6)

After examining Defendants' claims pursuant to Rule 12(b)(6), this Court concludes that they are without merit. Defendants argue the FAC fails to "establish that the [I]ndividual Defendants were Plaintiffs' employers." (D.E. 29-1 at 9.) However, to withstand dismissal, Plaintiffs must only present claims that are "facially plausible." *Iqbal*, 556 U.S. at 678. Because the FAC provides more than just "a formulaic recitation of the elements of a cause of action," it meets this bar. *Twombly*, 550 U.S. at 555.

---

[3] If this Court were to reach the substance of Defendants' Rule 12(b)(2) motion, it appears entirely plausible that Individual Defendants had the requisite minimum New Jersey contacts regarding Plaintiffs' FLSA, NJWHL, and NYLL claims. *See, e.g.*, *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 215-18 (D.N.J. 2020) (personal jurisdiction existed where Defendants' unlawful activities, such as "general marketing decisions [that] emanated from New Jersey," "occurred primarily in New Jersey"). For example, the FAC suggests that the Individual Defendants authorized many key decisions in New Jersey. (FAC ¶¶ 198, 202-205, 207, 214, 215, 220-225.) The FAC also describes a united network of car wash locations managed and operated as a coordinated business enterprise from New Jersey. (FAC ¶¶ 97-99, 101.) Taub and Winer also allegedly "owned and operated" eight car washes, six of which were in New Jersey (FAC ¶¶ 2, 55.); solicited sales and customers in New Jersey (FAC ¶¶ 62, 127, 138-142, 146-148, 187-191.); organized and implemented a "common management structure" based in New Jersey (FAC ¶ 67.); and made employment decisions at a New Jersey corporate office (FAC ¶ 68.). In addition, Plaintiffs are largely New Jersey residents, who were hired, managed, and paid by Defendants in New Jersey. (*See* FAC.) The facts here differ from those in *Chernus*, where the "[t]he sum total of the allegations concerning [Plaintiff] in the Complaint" involved action taken in the non-forum state. *Chernus v. Logitech*, Civ. No. 17-673, 2018 WL 1981481, at *6 (D.N.J. Apr. 27, 2018).

Although the parties dispute whether Winer is a resident of New York, (*see* FAC ¶ 20; D.E. 29-2; D.E. 24; *see also Hilaire et al. v. Underwest Westside Operating Corp.*, Civ. No. 19-03169 (S.D.N.Y. 2019) (Compl. ¶ 10) (Plaintiffs' counsel arguing in a separate suit that Winer is a resident of New York)), both Winer and Taub allegedly operate offices in New Jersey, and Plaintiffs' claim that Winer was properly served in the state is, curiously, unrebutted. (D.E. 7; D.E. 34 at 12-14; D.E. 34-1; D.E. 34-2; D.E. 34-3, Ex. A, B.)

As a separate consideration, dismissing the NYLL claims, whose elements largely overlap with the FLSA and NJWHL claims, is unlikely to advance "judicial economy, convenience, and fairness." *Avraham v. Golden*, Civ. No. 18-11795, 2020 WL 2214535, at *5 (D.N.J. May 7, 2020). Winer and Taub seem to agree. (D.E. 38 at 1 n.1.) Although testimony and documents unearthed during the impending discovery process would likely have clarified Defendants' relationship to the forum state, given their failure to meaningfully respond to Plaintiffs' arguments, dismissal of Defendants' motion as moot is appropriate.

Generally, this Court "must accept all facts alleged as true" and "cannot rely on outside evidence the parties may introduce." *Tri3 Enters., LLC v. Aetna, Inc.*, 535 F. App'x 192, 195 (3d Cir. 2013). Within the four corners of the FAC, Plaintiffs allege that Taub and Winer made key decisions, including "hiring, firing, payment of wages, assignment and scheduling of work, contractual matters, and all other administrative and company policy matters." (FAC ¶¶ 57, 58.) Taub monitored and encouraged sales (FAC ¶¶ 69-75, 89.), interviewed and hired employees (FAC ¶¶ 77, 169, 200, 213), and oversaw employee payment (*see* FAC ¶¶ 83, 86, 169, 189.). Winer monitored sales (FAC ¶ 78.), oversaw day-to-day operations (FAC ¶¶ 8, 60-62.), and seemingly reviewed cash receipts (FAC ¶ 93.). Although the Individual Defendants may ultimately demonstrate that their actions did not satisfy the FLSA's and NYLL's "expansive" and "broad" definition of "employer," *see, e.g.*, *In re Enter. Rent-A-Car Wage & Hour Emp't Prac. Litig.*, 683 F.3d 462, 467–68 (3d Cir. 2012); *Hart v. Rick's Cabaret Int'l Inc.*, 967 F. Supp. 2d 901, 922 (S.D.N.Y. 2013) (collecting cases regarding the NYLL's and FLSA's definitions of "employer"), at this stage, Plaintiffs' claims are sufficiently pled to survive dismissal. *Compare* FAC (describing Defendants' control over Plaintiffs) *to Abdelmassih v. Mitra QSR KNE LLC*, Civ. No. 16-4941, 2018 WL 1083857, at *10 (E.D. Pa. Feb. 28, 2018) (defendants who never "interacted" with Plaintiffs, "supervised [their] work," gave "work assignment[s]," or "determined [their] … pay" were not employers).

Importantly, Defendants do not challenge Counts One to Five, which largely mirror the elements of Counts Seven, Eight, and Nine and rely on similar factual allegations. For example, Counts One, Four, and Seven allege failure to pay the minimum wage (*See* FAC), Counts One, Two and Nine allege failure to distribute accurate paystubs or keep accurate records (*id.*), and Counts Two, Five, and Eight allege failure to pay overtime (*id.*). There is significant overlap

between the three statutory schemes at play in these Counts, which further militates against dismissal. *Troncone v. Velahos,* Civ. No. 10-2961, 2012 WL 3018061, at *3 (D.N.J. July 23, 2012) (finding "FLSA and [] NJWHL" claims to be "connected by a common nucleus of operative fact …"); *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (noting similar language in the "FLSA and its state-law counterpart, the [NJWHL]"); *Salim Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 246 (2d Cir. 2011) (noting a "similar standard" between "the FLSA and the NYLL"); *Quiles v. Wal-Mart Stores, Inc.*, Civ. No. 16-9479, 2020 WL 1969940, at *3 (D.N.J. Apr. 24, 2020) (noting the NYLL's and NJWHL's similarities). To illustrate, it is premature to dismiss Count Seven (an NYLL claim for Unpaid Minimum Wage), particularly when Defendants seemingly acknowledge that Counts One and Four adequately plead employer minimum wage violations. (*See* D.E. 29-1 (only challenging Counts Six, Seven, and Nine).) Thus, Defendants' motion to dismiss will be denied.

**IV.    CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss is **DISMISSED AS MOOT** in part, and **DENIED** in part. An appropriate order follows.

　　　　　　　　　　　　　　　　　　　　___/s/ Susan D. Wigenton_____
　　　　　　　　　　　　　　　　　　　　SUSAN D. WIGENTON, U.S.D.J.

Orig:       Clerk
cc:         Leda D. Wettre, U.S.M.J.
            Parties

9