UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| OUSMANE SAWADOGO, THEOPHILE OUBDA, OUSMANE DIARRA, ADBOUL ILBOUDO, FRANCK T. VINCENT, and ABDOUL RAZAK SAMBARE on behalf of themselves and all others similarly situated | **Civil Action** |
| Plaintiffs, | Case No.: 20-CV-1196-LDW |
| - against - | |
| ZAP LUBE & CAR WASH, INC., ZAP AUTOMOTIVE CORP., UNDERWEST MANAGEMENT CORP., BLOOMFIELD CAR WASH & LUBE CORP., WASHINGTON STREET AUTO REPAIR CORP., 378-392 WASHINGTON STREET CAR WASH, INC., BROAD & EMMET CAR WASH CORP., ONE & NINE CARWASH & LUBE INC., UNION CITY CAR WASH INC., MOSHE WINER, MARTIN TAUB, AVI GOLAN, LIOR RONNER, and ALON LEVY, | |
| Defendants, | |

---

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF
CLASS AND COLLECTIVE SETTLEMENT**

The Court, having considered Plaintiffs' unopposed Motion for Final Approval of Settlement, Awards of Attorneys' Fees, Costs, and Expenses, Approval of Service Payments to the Representative Plaintiffs, and Payment of the Claims Administrator's Costs and Expenses ("Motion"), and all other materials properly before the Court, and having conducted a Fairness Hearing on the record on June 8, 2022 pursuant to Section 216(b) of the Fair Labor Standards Act and Rule 23 of the Federal Rules of Civil Procedure, and for the reasons set forth on the record at the Fairness Hearing, hereby finds and orders as follows:

1

1. The Court has jurisdiction over the subject matter of this action.

2. The Joint Stipulation of Settlement and Release, including the exhibits thereto [ECF No. 75 and No 75-2 through 75-8], together with the Amendment to Joint Stipulation of Settlement and Release [ECF No. 93-2],(together the "Settlement Agreement")), is hereby granted final approval. The defined terms as set forth in the Settlement Agreement are incorporated herein. The Court finds that the Settlement was the product of protracted, arm's-length negotiations between experienced counsel under the supervision of a respected mediator.

3. All Class Members who did not opt out are subject to and bound by the Settlement Agreement, including the terms of the releases and covenants not to sue set forth therein.

4. There were no objections filed within the Court-ordered objection period and no objections filed to date. Of the 813 members of the Settlement class, no one has requested to be excluded from the Settlement.

5. The form and content of the notice and notice procedure satisfied the requirements of the Fed. R. Civ. P. 23(c)(2)(B) and adequately put class members on notice of the proposed settlement.

6. The Court finds, for settlement purposes only, that the New Jersey and New York Classes satisfy the applicable standards for certification under Fed. R. Civ. P. 23. The Court certifies the New Jersey Class under Fed. R. Civ. P. 23(e) for settlement purposes as defined in the Settlement Agreement as:

> Each current and former non- exempt employee of the following businesses: Broad, Broad Lube, Washington, Washington Street Auto Repair, Washington Lube, Washington Gas, Washington Dept, One and Nine, One and Nine Lube, Union, Union Lube, Fair Lawn, Fair Lawn Lube, Bloomfield, and Bloomfield Lube who worked during the period of February 4, 2014 through April 30, 2021, including but not limited to all Claimants, as defined in Sec.

1.10 above. The Class specifically excludes all exempt management and executive employees of Defendants.

The Court certifies the New York Class under Fed. R. Civ. P. 23(e) for settlement purposes as defined in the Settlement Agreement as:

> Each current and former non-exempt employee of the following entities: Barak Lube (Bronx), Doreen (Bronx), 1090 (BK Car Wash), and 1096 (BK Lube) who worked during the period of February 4, 2014 through April 30, 2021, including but not limited to all Claimants, as defined in Sec. 1.10 above. The Class specifically excludes exempt management and executive employees of Defendants.

7. Defendants shall fund the Settlement Fund established by the Claims Administrator in the amount of $1,846,238.65 to fund claims filed or deemed filed by Claimants; the Contingent Fund, Defendants' Payroll Taxes, and approved Attorneys' fees and costs, Administrator costs, and Service Awards.

8. Class Counsel's request for reasonable attorneys' fees in the amount of Eight Hundred and Twenty-Two Thousand, Forty-Eight Dollars and Sixty-Six Cents ($822,048.66) is granted and shall be funded in accordance with paragraphs 7 and 12 hereof.

9. Class Counsel's request for reimbursement from the Settlement Fund for their out-of-pocket litigation costs and expenses totaling Sixteen Thousand Six Hundred Thirty Eight Dollars and Forty-Eight Cents ($16,638.48) is granted and shall be funded in accordance with paragraphs 7 and 12 hereof.

10. Class Counsel's request for Service Awards totaling Sixty Thousand Dollars and No Cents ($60,000.00) is granted and shall be funded in accordance with paragraphs 7 and 12 hereof.

11. The Court grants the Administrator reasonable fees and costs incurred in administering the settlement in an amount not to exceed Twenty Thousand Dollars and No Cents

($20,000.00) which shall be paid from the Settlement Fund and shall be funded in accordance with paragraphs 7 and 12 hereof.

12. Defendants shall fund the settlement in accordance with the Settlement Agreement and with the approvals set forth herein within ten (10) days following the Final Effective Date of the Settlement. Thereafter, Administrator shall distribute the settlement proceeds pursuant to the terms of the Settlement Agreement.

13. The Settlement is hereby approved pursuant to Fed. R. Civ. P. 23.

14. The Settlement is hereby approved as a fair and reasonable compromise of the disputed claims pursuant to FLSA § 216.

15. Nothing relating to this Order, or any communications, papers, or orders related to the Settlement shall be cited to as, construed to be, admissible as, or deemed an admission by Defendants of any liability, culpability, negligence, or wrongdoing toward Plaintiffs, the FLSA collective members, the New Jersey Class Members, the New York Class Members, or any other person, or that Class or Collective action certification is appropriate in this or any other matter. There has been no determination by any Court as to the merits of the claims asserted by Plaintiffs against Defendants or as to whether a class or collective should be certified, other than for settlement purposes only.

16. All claims asserted in this Action hereby dismissed with prejudice upon entry of Final Judgment in accordance with the Settlement Agreement and this Order.

17. The Court shall retain exclusive and continuing jurisdiction over the interpretation and implementation of the Settlement Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of the Settlement Agreement and this Final Approval Order.

18. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

19. The Clerk of Court is directed to terminate the motion at ECF No. 93 and mark this matter as CLOSED.

It is so ORDERED this  8th  day of   June  , 2022.

_____
Hon. Leda Dunn Wettre, U.S.M.J.